Eastern District of Kentucky
F I L E D
AUG 16 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
At PIKEVILLE

Civil Action No. 18-41-HRW

BARBARA ANN HOWARD, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits in January 2015, alleging disability beginning on October 27, 2014, due to cervical radiculopathy, spinal stenosis, degeneration of cervical intervertebral discs, degeneration of thoracic and lumbar interverbal discs, lumbar radiculopathy, sacroiliitis, fibromyalgia, multilevel degenerative disc disease, multiple pinched nerve in c-spine and l-spine and cervicalgia (Tr. 258). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative video hearing was conducted by Administrative Law Judge Anthony Johnson, Jr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, George D. Moore, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 46 years old at her alleged onset of disability. She has a 12th grade education and her past relevant work experience consists of work as a food service supervisor and convenience store manager.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar and cervical spine, sacroiliitis, and myofascial pain syndrome, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. In doing so, the ALJ specifically considered Listing 1.04.

2

The ALJ further found that Plaintiff could return to her past relevant work and also determined that she has the residual functional capacity ("RFC") to perform light work with only occasional stooping, kneeling, crouching, crawling, and climbing of stairs or ramps, and no climbing of ropes, ladders, or scaffolds.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

3

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.   Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not consider her non-severe impairments of anxiety and depression and fibromyalgia in combination and their effect on her ability to perform work related activities and (2) the ALJ failed to include find any limitations for myofascial pain and degenerative disc disease of the cervical spine.

**C.   Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not consider her non-severe impairments of anxiety and depression and fibromyalgia in combination and their effect on her ability to perform work related activities.

20 CFR § 404. 1522 (a) defines a non-severe impairment as one that does not "significantly limit [the] physical or mental ability to do basic work activities." *See also* SSR 85-28, *supra,* at * "Basic work activities" include the physical functions of "walking, standing, sitting" as well as the capacity for "seeing, hearing, and speaking;" "[u]nderstanding, carrying out, and remembering simple instructions;" "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and, "[d]ealing with changes in a routine work setting." *See generally,* Kuchar-Kusnir v. Comm'r Social Security, 2018 WL 1456207

4

(E.D. Mich. 2018).

First, with regard to fibromyalgia, Plaintiff argues that the ALJ did not properly consider it effects as a non-severe impairment. However, Plaintiff misconstrues the ALJ's findings in this regard. The ALJ found that Plaintiff's fibromyalgia was a not a medically determinable impairment per SSR 12-2p. As such, the ALJ was not required to consider it in crafting Plaintiff's RFC. Further, in the hearing decision, the ALJ set forth the criteria used to evaluate fibromyalgia and the evidence needed to establish it as a bona fide impairment.1

---

1 SSR 12-2p "provides guidance on how [the Commissioner will] develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how [the Commissioner will] evaluate [fibromyalgia] in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act (Act)." *Titles II & XVI: Evaluation of Fibromyalgia*, SSR 12-2p, 2012 WL 3104869, at *1 (S.S.A. July 25, 2012)
> Pursuant to SSR 12-2p, fibromyalgia is a medically determinable impairment "when it is established by appropriate medical evidence." Id. at *2. The Ruling then provides the following guidance:
> Generally, a person can establish that he or she has an MDI of FM by providing evidence from an acceptable medical source. A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. We cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM, determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities.
> ... We will find that a person has an MDI of FM if the physician diagnosed FM and provides the evidence we describe in section II.A. or section II. B., and the physician's diagnosis is not inconsistent with the other evidence in the person's case record. These sections provide two sets of criteria for diagnosing FM, which we generally base on the 1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia (the criteria in section II.A.), or the 2010 ACR Preliminary Diagnostic Criteria (the criteria in section II.B.).
> *Id.* (footnotes omitted).

Under the 1990 ACR criteria, a person may have a medically determinable impairment of fibromyalgia if he or she has all three of the following: (1) a history of widespread pain; (2) at least 11 positive tender points on physical examination; and (3) evidence that other disorders that could cause the

Yet, despite the ALJ's clear roadmap, Plaintiff has not challenged his decision in this regard, choosing only to cast her argument in terms of non-severity, not medically determinable. As the Commissioner properly points out, Plaintiff does not assert, let alone develop, an argument challenging the ALJ's

It is well established that Plaintiff cannot simply make bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) (citation omitted); *see also Crocker v. Comm'r of Soc. Sec.,* 2010 WL 882831 at *6 (W.D.Mich. Mar.9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).

As such, the Court finds no error in the ALJ's consideration of Plaintiff's fibromyalgia.

With regard to Plaintiff's assertion that the ALJ's failed to properly consider her anxiety and depression, it is without merit. It is clear from the hearing decision that the ALJ did, in fact, consider her mental impairments. He discussed her diagnoses, cited to the pertinent medical records and referred to her own testimony in analyzing the effect of anxiety and depression on

---

symptoms or signs were excluded. *Id.* at *2-3.

A person may have a medically determinable impairment of fibromyalgia under the 2010 ACR criteria if all three of the following requirements are met: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; and (3) evidence that other disorders that could cause the repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. *Id*

6

Plaintiff's ability to perform work related activities. The Court finds that the ALJ's thorough review of Plaintiff's mental impairments and his resulting findings are supported by substantial evidence. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court is foreclosed from reweighing the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff's second claim of error is that the ALJ failed to include find any limitations for myofascial pain and degenerative disc disease of the cervical spine. Specifically, Plaintiff alleges that ALJ erred by not including manipulative limitations such as reaching, handling, fingering, feeling or a limitation on her ability to rotate her head.

Again, a review of the ALJ's decision establishes that he considered limitations for myofascial pain and degenerative disc disease of the cervical spine but did not find evidence with which to support them.

The ALJ summarized Plaintiff's testimony and other self-reports and expressly noted her allegations of difficulty reaching overhead, turning her head, and grasping objects. Yet, he found that, notwithstanding some tenderness and limitation in range of motion, the physical exams tended to be otherwise unremarkable. Medical records supported the ALJ's conclusion that Plaintiff was capable of using her hands for repetitive actions without restriction. The ALJ also noted that the record indicated that Plaintiff's symptoms, including her neck pain and decreased range of motion, had responded to treatment. The ALJ further noted that Plaintiff reported to her medical providers that her treatment allowed her to remain active. Finally,

Plaintiff's own testimony regarding her daily activities belie her insistence of limitations in reaching, handling, fingering, feeling or a limitation on her ability to rotate her head.

The Court finds that The ALJ considered the relevant evidence pertaining to myofascial pain and degenerative disc disease of the cervical spine, made a reasoned finding, and provided substantial support for that finding.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of August, 2019.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge